# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8389 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Directv, Inc. vs. Robert Dyrhaug | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Dyrhaug's motion to dismiss Counts 3 and 5 is denied. Dyrhaug's counsel is ordered to file in this Court's chambers on or before April 9, 2004 an answer to counts 3 and 5 and a statement in response to the order for a rule to show cause set out in the second paragraph of this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/25/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, INC., )
)
        Plaintiff, )
)
v. ) No. 03 C 8389
)
ROBERT DYRHAUG, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Robert Dyrhaug ("Dyrhaug") has filed a motion to dismiss Counts 3 and 5 of the Complaint brought against him by DirecTV, Inc. ("DirecTV"), and DirecTV has responded with a memorandum and a host of cases in support of its position. Because this Court finds both aspects of Dyrhaug's motion to be unpersuasive, it is denied in its entirety.

First, though, DirecTV's Mem. 1 n.1 correctly identifies the opening portion of the Dyrhaug motion (a seven-paragraph Preliminary Statement occupying its first two pages) as totally improper. Any Fed. R. Civ. P. ("Rule") 12(b)(6) motion must of course accept the allegations of the complaint that it seeks to attack as true, and Dyrhaug's scurrilous charges against DirecTV in that Preliminary Statement simply have no place as an adjunct to his present motion. Dyrhaug's counsel has to know better. Accordingly Dyrhaug's Preliminary Statement is stricken as

"immaterial, impertinent, [and] scandalous matter,"[1] and this Court orders Dyrhaug's counsel to show cause why he should not be mulcted with a fine payable to this District Court because of such unprofessional conduct.

To turn to the merits (or more accurately the lack of merit) of the first part of Dyrhaug's motion to dismiss, his counsel attacks Count 3 on the premise that Dyrhaug's claimed violation of 18 U.S.C. §2512(1)(b)[2] cannot give rise to a civil action such as this one. To be sure, Section 2512 is part of the criminal code--to be more precise, it is lodged in the code's Chapter 119, which is captioned "Wire and Electronic Communications Interception and Interception of All Communications" and comprises Sections 2510 through 2522. But just as Congress has done with RICO (see Section 1964(c)), it has chosen to include an express provision for private civil actions in Section 2520 (captioned "Recovery of Civil Damages Authorized")--here are Section 2520(a) and (b):

> (a) In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other

---

[1] Although the just-quoted language from Rule 12(f) relates to the striking of material from any pleading, and although a motion is not a pleading, the descriptive shoe certainly fits Dyrhaug's improper filing.

[2] All further references to Title 18's provisions will simply take the form "Section--."

2

than the United States, which engaged in that violation such relief as may be appropriate.

(b) Relief.--In an action under this section, appropriate relief includes--

(1) such preliminary and other equitable or declaratory relief as may be appropriate;

(2) damages under subsection (c) and punitive damages in appropriate cases; and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

Because both Section 2520 and Section 2512 are part of Chapter 119 of Title 18, the plain language of Section 2520(a) directly refutes Dyrhaug's contention. Although Dyrhaug's counsel cites Flowers v. Tandy Corp., 773 F.2d 585, 588-89 (4th Cir. 1985) and the adherence to the Flowers decision in DirecTV, Inc. v. Amato, Civil No. 3:03cv355 (E.D. Va. June 20, 2003) in purported support of his contention, Flowers dealt with the pre-1986 version of Section 2520. But when Section 2520(a) was amended in 1986, its conversion from active to passive voice placed squarely within its sights anyone who engages in the conduct that is ascribed to Dyrhaug by the DirecTV Complaint.[3]

Not surprisingly, DirecTV has cited and attached to its responsive memorandum copies of a large volume of decisions that

---

[3] Amato was of course required to follow Flowers because that District Court is in the Fourth Circuit. And to the extent that Amato sought to explain the continued vitality of the Flowers holding in post-amendment terms, it runs counter to the large number of decisions by District Courts elsewhere that have reached the opposite conclusion.

3

have considered and rejected the identical argument that is now advanced by Dyrhaug. That argument gains nothing by repetition. It was and is unpersuasive, and Dyrhaug's attack on Count 3 is rejected.

There is a considerably closer question as to Count 5, which seeks to equate DirecTV's admittedly intangible bundle of rights to "property" that may be the subject of a tort action for conversion. Consistently with the historic origins of that tort, In re Thebus, 108 Ill.2d 255, 259, 483 N.E.2d 1258, 1260 (1985) has quoted the definition from Restatement (Second) of Torts §222A:

> Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

Thebus, id. at 260, 483 N.E.2d at 1260 then went on to quote other authorities along the same lines, including this language from 18 AmJur.2d Conversion §9, at 164 (1965):

> It is ordinarily held, however, that an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible....

Is DirecTV's congeries of rights "connected with something tangible" in that sense? Although the issue is not free from doubt, it would appear that the television images received by a claimed violator such as Dyrhaug through his assertedly illegal interception and use of DirecTV's electronic communications would

4

satisfy the tort's requirements as so articulated, in much the same manner as the situations involving other intangible property that have been found actionable in such Illinois cases as <u>Bilut v. Northwestern Univ.</u>, 296 Ill.App.3d 42, 52, 692 N.E.2d 1327, 1332 (1st Dist. 1998), <u>Stathis v. Geldermann, Inc.</u>, 295 Ill.App.3d 844, 856, 692 N.E.2d 798, 807 (1st Dist. 1998) and <u>Conant v. Karris</u>, 165 Ill.App.3d 783, 792, 520 N.E.2d 757, 763 (1st Dist. 1987).

In sum, though the issue as to Count 5 is obviously a good deal closer than the clear sustainability of Count 3, Count 5 also survives Dyrhaug's challenge. Dyrhaug's motion is denied in that respect as well.

## Conclusion

Dyrhaug's motion to dismiss Counts 3 and 5 is denied. Dyrhaug's counsel is ordered to file in this Court's chambers on or before April 9, 2004 (with copies contemporaneously transmitted to DirecTV's counsel):

1. an answer to Counts 3 and 5 and

2. a statement in response to the order for a rule to show cause set out in the second paragraph of this opinion.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: March 25, 2004